Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| *WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT INDIVIDUALLY BUT SOLELY AS TRUSTEE FOR FINANCE OF AMERICA STRUCTURED SECURITIES ACQUISITION TRUST 2018-HB1*<br>**Apelante**<br><br>V.<br><br>SUCN. RAFAEL VELÁZQUEZ ALICEA t/c/c RAFAEL VELÁZQUEZ compuesta por JOHN DOE Y JANE DOE como posibles Herederos desconocidos; SUNC. BIENVENIDA VEGUILLA COLÓN t/c/c BIENVENIDA VEGUILLA compuesta por VÍCTOR VEGUILLA COLÓN, CARMEN VEGUILLA COLÓN, ELIZA VEGUILLA; JOHN ROE, JANE ROE, como posibles Herederos desconocidos; ESTADOS UNIDOS DE AMÉRICA; CENTRO DE RECAUDACIÓN DE INGRESOS MUNICIPALES<br>**Apelado** | KLAN202401154 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil. Núm. CA2024CV00171<br><br>Sobre: Ejecución de Hipoteca |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 10 de febrero de 2025.

El 26 de diciembre de 2024, *Wilmington Savings Funds Society, FSB, Not Individually but Solely as Trustee for Finance of America Structured Securities Acquisition Trust 2018-HB1* (WSF o apelante) compareció ante nos mediante *Apelación* y solicitó la revisión de una *Resolución Final* que se emitió el 24 de noviembre de

2024 y se notificó el 25 de noviembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI). Mediante el aludido dictamen, el TPI reiteró una *Sentencia* que se había emitido el 7 de agosto de 2024 desestimando, sin perjuicio, la Segunda Demanda Enmendada presentada por el apelante por no haberse emplazado a la co-demandada, la Sra. Eliza Veguilla, conforme la Regla 4.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3. Además, dejó sin efecto una vista que se señaló para el 26 de noviembre de 2024.

Por los fundamentos que expondremos a continuación, **confirmamos** el dictamen recurrido.

I.

El 23 de enero de 2024, el WSF presentó una *Demanda* sobre ejecución de hipoteca en contra de la sucesión del Sr. Rafael Velázquez Alicea t/c/c Rafael Velázquez (señor Velázquez) compuesta por John Doe y Jane Doe como posibles herederos desconocidos; la sucesión de la Sra. Bienvenida Veguilla Colón t/c/c Bienvenida Veguilla t/c/c Bienvenida Veguillas Colon (señora Veguilla) compuesta por John Roe y Jane Roe como posibles herederos desconocidos; Estados Unidos de América; y el Centro de Recaudación de Ingresos Municipales (CRIM).[1] Junto a esta demanda, el apelante incluyó los proyectos de emplazamiento dirigidos a los demandados antes expuestos. Estos emplazamientos fueron expedidos por la Secretaría del TPI el 25 de enero de 2024.

Posteriormente, el 23 de febrero de 2024, el apelante presentó una *Moción Solicitando Autorización para Presentar Demanda Enmendada y Emplazamientos por Edicto*.[2] En esta informó que el CRIM y Estados Unidos de América fueron emplazados personalmente. Para evidenciar lo antes mencionado, presentó una

---

[1] Véase, págs. 158-161 del apéndice del recurso.
[2] Íd., págs.121-122.

copia de los emplazamientos diligenciados. Además, informó que durante el proceso de diligenciamiento de los emplazamientos advino en conocimiento de que el causante, el señor Velázquez, no tuvo hijos y que se desconocía la identidad de sus presuntos herederos. Sin embargo, indicó que a la señora Veguilla le sobrevivieron sus hermanos, el Sr. Víctor Veguilla Colón y la Sra. Carmen Veguilla Colón, quienes, a pesar de haber realizados esfuerzos, no habían podido ser emplazados personalmente. En vista de lo antes expuesto, solicitó que se le permitiera Enmendar la Demanda a los efectos de incluir a los hermanos de la señora Veguilla como parte demandada y se le autorizara emplazarlos por edicto. Junto a esta moción presentó la Demanda Enmendada, una declaración jurada del emplazador y los proyectos de emplazamiento.

Evaluada la solicitud, el 23 de febrero de 2024, el TPI emitió y notificó una *Orden* mediante la cual declaró No Ha Lugar al emplazamiento por edicto solicitado.[3] Puntualizó que de la declaración jurada del emplazador presentada no surgían las diligencias realizadas para tratar de localizar a los hermanos de la señora Veguilla. Indicó que debían realizarse diligencias adicionales para cumplir con la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6.

Así las cosas, el 15 de abril de 2024, WSF presentó una *Moción Solicitando Autorización para presentar Segunda Demanda Enmendada y Emplazamientos por Edicto.*[4] En esta informó que, el 5 de abril de 2024 había logrado emplazar al Sr. Víctor Veguilla Colón personalmente. Para evidenciar lo antes expuesto incluyó copia del emplazamiento diligenciado. Además, expresó que advinieron en conocimiento de que la señora Veguilla también le

---

[3] Íd., pág. 116.
[4] Íd., págs. 109-110.

sobrevivió su otra hermana, la Sra. Eliza Veguilla. En vista de lo antes expuesto, solicitó que se le permitiera Enmendar la Demanda a los efectos de incluir a la Sra. Eliza Veguilla como parte demandada y se le autorizara emplazar por edicto a esta última y a la señora Carmen Veguilla Colón. Junto a esta moción presentó la Segunda Demanda Enmendada y los proyectos de emplazamiento dirigidos a la Sra. Eliza Veguilla y a la Sra. Carmen Veguilla Colón.

El 15 de abril de 2024, el TPI emitió una *Orden* mediante la cual indicó lo siguiente: "En cuanto a la solicitud para emplazar por edicto a Carmen Veguilla Colón, véase orden anterior".[5] Cabe precisar que, a la orden a la cual se refirió el TPI fue la *Orden* emitida el 23 de febrero de 2024, en la cual indicó que debían realizarse diligencias adicionales para cumplir con la Regla 4.6 de Procedimiento Civil, *supra*. Por otro lado, ese mismo día, a saber, el 15 de abril de 2024, el TPI emitió otra *Orden* expresando que en esta etapa de los procedimientos no se necesitaba autorización del Tribunal para presentar Demanda Enmendada.[6] Asimismo, declaró No Ha Lugar a la solicitud para emplazar por edicto a la Sr. Eliza Veguilla por incumplimiento con la Regla 4.6 de Procedimiento Civil, *supra*.

El 25 de abril de 2024, WSF presentó una *Moción en Cumplimiento de Orden Reiterando Solicitud de Emplazamiento por Edicto*.[7] En esta informó que, el 18 de abril de 2024 había emplazado personalmente a la Sra. Eliza Veguilla por conducto de la Sra. Andrea Torres, administradora de Zalich Nursing Home. Para evidenciar lo antes expuesto presentó el emplazamiento diligenciado. Por otro lado, anejó una declaración jurada del emplazador y le solicitó al TPI a que tomara conocimiento de las

---

[5] Íd., pág.104.
[6] Íd., pág. 103.
[7] Íd., págs. 94-95.

diligencias adicionales que este último realizó para emplazar a la Sra. Carmen Veguilla Colón personalmente.

Tras varios trámites procesales, el TPI autorizó que se emplazara a la Sra. Carmen Veguilla Colón por edicto. Posteriormente, el 12 de julio de 2024, WSF presentó una *Moción Solicitando se Dicte Sentencia en Rebeldía*.[8] En esta manifestó que el CRIM, Estados Unidos de América y el Sr. Víctor Veguilla Colón habían sido emplazados personalmente y que la Sra. Camen Veguilla Colón y la Sra. Eliza Veguilla habían sido emplazadas mediante edicto. Sin embargo, señaló que, a pesar de múltiples gestiones para el cobro de la deuda, estas habían sido infructuosas por lo que solicitó que se dictara sentencia en rebeldía.

En respuesta a dicha solicitud, el 12 de julio de 2024, el TPI dictó una *Orden* que fue notificada el 23 de julio de 2024, mediante la cual resolvió lo siguiente:

> No Ha Lugar, por el momento. En este caso, el Tribunal no autorizó el emplazamiento por edicto de Eliza Veguilla por incumplimiento con la Regla 4.6 de Procedimiento Civil. Tenga la parte demandante 10 días para acreditar porque este Tribunal no debe desestimar la Demanda por incumplimiento con la Regla 4.3 de Procedimiento Civil, sin perjuicio.

Transcurrido el término sin que WSF cumpliera con la orden antes expuesta, el 7 de agosto de 2024 el TPI emitió una *Sentencia* que se notificó el 8 de agosto de 2024.[9] En esta desestimó, sin perjuicio, la Segunda Demanda Enmendada por no haberse emplazado a la Sra. Eliza Veguilla conforme a la Regla 4.3 de Procedimiento Civil, *supra.* El 8 de agosto de 2024, el apelante presentó una *Moción en Cumplimiento de Orden y Reconsideración de Sentencia*.[10] Afirmó que la Sra. Eliza Veguilla había sido emplazada personalmente y que dicho diligenciamiento se había

---

[8] Íd., págs. 21-22.
[9] Íd., págs. 18-19.
[10] Íd., págs. 15-16.

evidenciado el 25 de abril de 2024. Por esta razón solicitó que se dejara sin efecto la Sentencia dictada y se dictara Sentencia en Rebeldía según solicitado el 12 de julio de 2024.

Evaluada la solicitud de reconsideración, el 9 de agosto de 2024, el TPI dictó una *Orden* que se notificó el 12 de agosto de 2024. En esta resolvió lo siguiente[11]:

> No Ha Lugar, por el momento. Surge de las constancias del emplazamiento personal de la codemandada Eliza Veguilla que a esta no se le entregó el emplazamiento personalmente sino por conducto de Andrea Torres, Administradora de Zalich Nursing Home. Sin embargo, no se ha puesto a este Tribunal en posición de determinar si procedía en aquel momento nombrarle un defensor judicial a dicha codemandada conforme la Regla 4.4(c) de Procedimiento Civil y Regla 15.2(b) de Procedimiento Civil o por qué la codemandada no podía recibir el emplazamiento personalmente conforme lo exige nuestro ordenamiento jurídico. Ante ello, se ordena a la parte demandante aclarar este asunto en 10 días.

En cumplimiento con esta orden, el 21 de agosto de 2024, WSF presentó una *Moción en Cumplimiento de Orden*.[12] En esta adujo que según declaró bajo juramento el emplazador el 19 de abril de 2024, este último estuvo impedido de hacer entrega personal del emplazamiento a la Sra. Eliza Veguilla no porque esta se le haya declarado incapaz, sino porque en ese momento, a juicio de su encargada, la Sra. Andrea Torres, la Sra. Eliza Veguilla no estaba en condiciones para recibir visitas y/o documentos. Además, añadió que, el emplazador se comunicó con la hija de la Sra. Eliza Veguilla notificándole la presente causa de acción y que esta última brindó su información de contacto. Por último, indicó que, si el Tribunal lo estimaba prudente, podía señalar una vista para determinar la viabilidad del nombramiento del defensor judicial y que se le notificara a la Sra. Eliza Veguilla a la siguiente dirección: Urb. Valles de Salinas, C-4 Calle 3, Salinas PR 00751.

---

[11] Íd., págs. 13-14.
[12] Íd., págs. 11-12.

Así las cosas, el 22 de agosto de 2022, el TPI dictó una *Orden* que se notificó el 28 de agosto de 2024.[13] En esta señaló una vista para el 26 de noviembre de 2024 para determinar la viabilidad del nombramiento del defensor judicial a la Sra. Eliza Veguilla. Además, ordenó a que se notificara dicha orden a la dirección antes mencionada.

Posteriormente, el 24 de noviembre de 2024, otra jueza del TPI emitió una *Resolución Final* reiterando la Sentencia de desestimación que el TPI dictó el 7 de agosto de 2024 desestimando, sin perjuicio, la Segunda Demanda Enmendada presentada por el apelante por no haberse emplazado a la co-demandada, la Sra. Eliza Veguilla, conforme la Regla 4.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3.[14] Además, dejó sin efecto la vista que se señaló para el 26 de noviembre de 2024. En desacuerdo con este dictamen, el 10 de diciembre de 2024, el apelante presentó una solicitud de reconsideración.[15] Este fue declarada No Ha Lugar mediante una *Resolución Final* que se emitió y notificó el 11 de diciembre de 2024.[16]

Aún inconforme, el 26 de diciembre de 2024, el apelante presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **Erró el TPI al emitir una Resolución Final dejando sin efecto una orden previa que acogió una "Moción en Cumplimiento de Orden y Reconsideración de Sentencia" presentada por la parte apelante y señaló una vista para determinar la viabilidad del nombramiento de un defensor judicial a la codemandada, Eliza Veguilla.**
>
> **Erró el TPI al emitir una Sentencia desestimando la Segunda Demanda Enmendada por no haberse emplazado a la codemandada Eliza Veguilla conforme a la Regla 4.3 (C).**

---

[13] Íd., pág.10.
[14] Íd., pág. 4.
[15] Íd., págs. 2-3.
[16] Íd., pág. 1.

Atendido el recurso, el 10 de enero de 2025, emitimos una *Resolución* ordenándole a la parte apelada hasta el 27 de enero de 2025 para presentar su alegato en oposición. Vencido el término para ello sin que la parte apelada presentara su postura en cuanto al recurso, damos por perfeccionado el recurso y procedemos a resolver el asunto ante nos. *Veamos.*

II.

Dentro del análisis jurisdiccional de una controversia, los tribunales deben evaluar si poseen el poder para sujetar a una parte a su decisión. *Trans-Oceanic Life Ins. v. Oracle Corp.,* 184 DPR 689, 701 (2012). Esto último es conocido jurídicamente como la jurisdicción sobre la persona. Íd. Un tribunal adquiere jurisdicción sobre la persona del demandado de dos maneras distintas, a saber, cuando se utilizan adecuadamente los mecanismos procesales de emplazamiento establecidos en las Reglas de Procedimiento Civil o cuando la parte demandada se somete voluntariamente a la jurisdicción del tribunal, explícita o tácitamente. *Cirino González v. Adm. Corrección et al.*, 190 DPR 14, 29 (2014).

El emplazamiento es el mecanismo procesal mediante el cual se le notifica al demandado sobre la existencia de una reclamación incoada en su contra, para así garantizarle su derecho a ser oído y defenderse. *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 480 (2019). Así pues, como mencionamos anteriormente, a través del emplazamiento los tribunales adquieren jurisdicción sobre la persona del demandado, "de forma tal que este quede obligado por el dictamen que finalmente se emita". Íd. La Regla 4 de Procedimiento Civil, 32 LPRA Ap. V, R.4, establece dos maneras de diligenciar el emplazamiento, a saber, de forma personal o mediante edicto. *Carribean Orthopedics v. Medshape, et al.*, 207 DPR 994, 1005 (2021). El emplazamiento personal es el método idóneo para adquirir jurisdicción. Íd.

Particularmente, la Regla 4.4 de Procedimiento Civil, 32 LPRA Ap. V, R.4.4, regula todo lo relacionada al emplazamiento personal y, en lo pertinente dispone lo que sigue:

> El emplazamiento y la demanda se diligenciarán conjuntamente. Al entregar la copia de la demanda y del emplazamiento, ya sea mediante su entrega física a la parte demandada o haciéndolas accesibles en su inmediata presencia, la persona que lo diligencia hará constar al dorso de la copia del emplazamiento sobre su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega. El diligenciamiento se hará de la manera siguiente:
>
> [...]
>
> (c) A una persona que haya sido declarada judicialmente incapacitada y se le haya nombrado un tutor o tutora, entregando copia del emplazamiento y de la demanda a dicha persona y a su tutor o tutora. **Si una persona que no haya sido declarada judicialmente incapacitada se encuentra recluida en una institución para el tratamiento de enfermedades mentales, deberá entregarse copia del emplazamiento y de la demanda a dicha persona y al director o directora de la institución.** En todos los demás casos en que la parte demandante, su abogado, abogada o la persona que diligencie el emplazamiento tenga fundamento razonable para creer que la persona que será emplazada está incapacitada mentalmente, deberá notificarlo al tribunal para que éste proceda de acuerdo con lo dispuesto en la Regla 15.2(b). (Énfasis suplido).
>
> [...]

De otra parte, en cuanto al término para emplazar, la Regla 4.3(c) de Procedimiento Civil, *supra,* establece lo siguiente:

> (c) El emplazamiento será diligenciado **en el término de ciento veinte (120) días a partir de la presentación de la demanda** o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una

adjudicación en los méritos. (Énfasis y subrayado nuestro).

De la precitada regla, se desprende, entre otros asuntos, el término que tiene el demandante para emplazar y el momento en que empieza a transcurrir dicho término. Específicamente, dicha regla es clara al establecer que la Secretaría del tribunal deberá expedir los emplazamientos el mismo día en que se presente la demanda siempre que el demandante entregue los formularios de emplazamiento ese mismo día. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 648-649 (2018). En estas instancias, el demandante tendrá **un término improrrogable de ciento veinte (120) días para diligenciar el emplazamiento so pena de que se desestime automáticamente si no lo hace dentro de dicho término.** (Énfasis suplido) Íd., pág. 649.

Sin embargo, el Tribunal Supremo resolvió que si la Secretaría no expidiese el emplazamiento el mismo día en que se presentó la demanda junto al emplazamiento, el tiempo que demore el tribunal en expedir los emplazamientos será el tiempo que tendrá la parte demandante para diligenciar su emplazamiento. Íd. Cabe resaltar que en ninguna circunstancia la parte contará con más de ciento veinte (120) días para diligenciar el emplazamiento. En fin, para que comience a decursar el referido término de ciento veinte (120) días, es requisito no solamente que se haya presentado la demanda y sometido el emplazamiento correspondiente sino, además, que el emplazamiento sea expedido por el tribunal. Íd., pág. 650.

III.

El apelante solicita la revocación de una *Resolución Final* que el TPI dictó 24 de noviembre de 2024 reiterando una *Sentencia* que se había emitido el 7 de agosto de 2024 desestimando, sin perjuicio, la *Segunda Demanda Enmendada* presentada por el apelante por no haberse emplazado a la co-demandada, la Sra. Eliza Veguilla, conforme la Regla 4.3(c) de Procedimiento Civil, *supra*. Además, mediante el referido dictamen, el TPI dejó sin efecto la vista que se

señaló para el 26 de noviembre de 2024 para determinar la viabilidad del nombramiento del defensor judicial a la Sra. Eliza Veguilla. Así pues, en su primer señalamiento de error, WSF argumentó que el TPI erró al dejar sin efecto la *Orden* que se emitió 22 de agosto de 2024 mediante la cual se acogió su *Moción en Cumplimiento de Orden y Reconsideración de Sentencia* y se señaló una vista para determinar la viabilidad del nombramiento de un defensor judicial a la codemandada, la Sra. Eliza Veguilla. Por otro lado, en su segundo señalamiento de error, alegó que el TPI erró al reiterar la desestimación, sin perjuicio, de la *Segunda Demanda Enmendada* presentada por el apelante por no haberse emplazado a la co-demandada, la Sra. Eliza Veguilla, conforme la Regla 4.3 (c) de Procedimiento Civil, *supra.*

Procederemos a discutir los señalamientos de error en conjunto por estar íntimamente relacionados entre sí. En el caso de autos, los emplazamientos dirigidos a la parte demandada, incluyendo el de la Sra. Eliza Veguilla, fueron expedidos por la Secretaría del TPI el **25 de enero de 2024.** Por lo tanto, el apelante tenía hasta el **24 de mayo de 2024** para diligenciar los emplazamientos conforme lo establecen las Reglas 4.3 (c) y 4.4 de Procedimiento Civil, *supra.* Dicho esto, el **25 de abril de 2024**, WSF presentó *una Moción en Cumplimiento de Orden Reiterando Solicitud de Emplazamiento por Edicto* mediante la cual indicó que había emplazado personalmente a la Sra. Eliza Veguilla por conducto de la Sra. Andrea Torres, Administradora de Zalich Nursing Home. Particularmente, en la declaración jurada que se presentó junto al emplazamiento, el emplazador expresó lo siguiente:

> [e]l día 18 de abril de 2024, visité el Home y emplacé a Elisa Veguilla Colón, hermana de Bienvenida Veguilla Colón (Fenecida), por conducto de Andrea Torres, Administradora de Zalich Nursing Home, con el número de teléfono 939-400-1226 y ubicado en el Bo. Coquí, Salinas P.R. **No pude emplazar personalmente a Elisa Veguilla Colón porque la administradora del hogar**

**me informó que ella se encuentra enferma, no se me permitió verla ya que por reglas del hogar no lo permiten.**

Nótese que, el propio emplazador expresó que no había podido emplazar personalmente a la Sra. Eliza Veguilla ya que el hogar no se lo permitió y fue por esa razón que emplazó a la Sra. Eliza Veguilla a través de la administradora del *Nursing Home*. Conforme a la Regla 4.4 (c) de Procedimiento Civil, supra, "si una persona que no haya sido declarada judicialmente incapacitada se encuentra recluida en una institución para el tratamiento de enfermedades mentales, deberá entregarse copia del emplazamiento y de la demanda a dicha persona **y** al (a la) director(a) de la institución". No surge del expediente ante nuestra consideración que la Sra. Eliza Veguilla haya sido declarada judicialmente incapacitada, pero sí se desprende que esta última reside en un *Nursing Home*. A pesar de que ello no es una institución para el tratamiento de enfermedades mentales, por analogía le aplica la referida regla. Consecuentemente, el emplazador estaba obligado a entregarle una copia de la demanda y del emplazamiento **directamente a la Sra. Eliza Veguilla y** a la o **al director(a) del Nursing Home** donde reside esta última. De este modo, el emplazamiento hubiese sido diligenciado adecuadamente.

Sin embargo, el emplazador se limitó a diligenciar el emplazamiento a través de la Administradora del *Nursing Home* y no directamente a la Sra. Eliza Veguilla. Ello no cumple con la Regla 4.4 (c) de Procedimiento Civil, *supra*, por lo que el emplazamiento fue defectuoso. De no haber podido entregarle personalmente los documentos a la Sra. Eliza Veguilla, el representante legal de WSF debió informarlo al Tribunal dentro del término de ciento veinte (120) días que dispone la Regla 4.3(c) de Procedimiento Civil, *supra,* para diligenciar el emplazamiento. De este modo se hubiese podido tomar las medidas necesarias para poder emplazar a la Sra. Eliza Veguilla adecuadamente. Si bien es cierto que, en una *Moción en Cumplimiento de Orden,* el apelante le expresó al TPI que, si lo estimaba prudente que

podía señalar una vista para determinar la viabilidad del nombramiento de un defensor judicial a la Sra. Eliza Veguilla, esta se hizo el 21 de agosto de 2024, fuera del término para diligenciar el emplazamiento.

En vista de lo antes expresado y al haber transcurrido el término de ciento veinte (120) días sin que se diligenciara un emplazamiento adecuado a la Sra. Eliza Veguilla, parte indispensable en el presente pleito, procede que se desestime la *Segunda Demanda Enmendada*, sin perjuicio. Por esta razón, los señalamientos de error señalados no se cometieron.

IV.

Por los fundamentos antes expresados, ***confirmamos*** el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones